


CJ-2021-4098
Timmons

IN THE DISTRICT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP 27 2021

RICK WARREN
COURT CLERK

1. DANE G. SCOTT, )
   )
   Plaintiff, ) Case No. CJ-2021-____
   )
v. ) JURY TRIAL DEMANDED
   ) ATTORNEY LIEN CLAIMED
1. THE CITY OF OKLAHOMA )
   CITY, OKLAHOMA, a municipal )
   corporation, )
   )
   Defendant. )

CJ-2021-4098

## PETITION

**COMES NOW THE PLAINTIFF,** Dane G. Scott, and pleads his claims as follows:

### PARTIES

1. The Plaintiff is Dane G. Scott, an adult resident of Cleveland County, Oklahoma.

2. The Defendant is The City of Oklahoma City, a municipal corporation.

### VENUE

3. Plaintiff's claims are for race discrimination in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and Oklahoma's Anti-Discrimination Act.

4. The conduct giving rise to this action occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

### STATEMENT OF FACTS

5. Defendant employed at least fifteen employees for each of twenty (20) or more calendar weeks in the current or proceeding calendar year and is an employer under

1

Defendant's Exhibit 1

Title VII. There is no minimum employee requirement to be subject to the provision of 42 U.S.C. § 1981 or the OADA.

6. The Plaintiff, Dane G. Scott (African American), first became employed with the Defendant around March 2003.

7. Since approximately November 2012, Plaintiff has held the job title of Maintenance Supervisor. This is a position within the Parks and Grounds division of The City of Oklahoma City's Parks and Recreation department.

8. The position directly above Plaintiff within his chain of command is that of "Field Operations Supervisor."

9. On or around Summer 2018, Plaintiff applied for the open Field Operations Supervisor position within his division.

10. Plaintiff made it through the initial stage of the application process and was permitted to participate in an "Oral Review Board" examination,

11. An "Oral Review Board" examination is effectively a three-member panel interview wherein applicants are quizzed based on specific information related to the job for which they have applied.

12. The three-member panel of the Oral Review Board award points to the applicants based on their performance during the examination, resulting in each applicant receiving a final score.

13. Subsequent to Plaintiff's performance during his Oral Review Board, Plaintiff was told by Board member, John Brooks (black) (Unit Operations Supervisor), that he had received the highest score amongst any of the applicants.

14. Approximately three weeks after Plaintiff's Oral Review Board, Plaintiff learned that the Superintendent of the Parks and Grounds division, Todd Reese (white), had decided that he (Mr. Reese) was going to hold a second round of Oral Review Board examinations. However, this time Mr. Reese placed himself on the Board and did not include Mr. Brooks (or any other non-white individual).

15. Plaintiff again went through the Oral Review Board examination but was told that he was not being selected for the position because Mr. Reese believed Plaintiff "was just not what we are looking for."

16. Subsequent to this second round of Oral Review Board examinations, Mr. Reese again did not select Plaintiff but instead re-opened the position to restart the entire application process from the beginning.

17. Plaintiff attempted to yet again apply for the open Field Operations Supervisor position, however, Plaintiff was told that he was not allowed to re-apply.

18. Ultimately, on or around February 2019, Mr. Reese selected Daniel Damarco (white) to fill the open Field Operations Supervisor position.

19. Plaintiff was more qualified than Mr. Damarco for this position in that Plaintiff had worked within this department for over a decade at the time of applying for the position, whereas, Mr. Damarco was an outside hire, with limited to no experience with either The City or within the specific department.

20. On or around May 2019, John Brooks retired from his position as Unit Operations Supervisor.

21. Subsequent to Mr. Brooks retirement, Mr. Reese selected Mr. Damarco to be promoted into this new position, leaving the Field Operations Supervisor position that Mr. Damarco had just recently been selected for vacant.

22. On or around August or September 2019, Plaintiff applied for the vacant Field Operations Supervisor position, however, this time Plaintiff was rejected before even making it to the Oral Review Board stage of the application process.

23. Ultimately, the person selected for this open position was Cameron Stafford (white), another outside hire with less qualifications and experience than Plaintiff.

24. Throughout Plaintiff's entire employment with the Defendant he has performed his job duties satisfactorily.

25. At the least, significant reasons in the Defendant's refusal to promote the Plaintiff include his race.

26. As a direct result of the discrimination carried out by Defendant, Plaintiff has suffered, and continues to suffer, wage loss (including back, present, and front pay, along with the value of benefits associated with the wages) and emotional distress/dignitary harm, including worry, frustration, sadness and similar unpleasant emotions.

27. Plaintiff has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on November 6, 2019. The EEOC issued Plaintiff his right to sue letter on June 30, 2021, and he received the same thereafter. This petition is timely filed within ninety (90) days of Plaintiff's receipt of this right to sue letter. There is no exhaustion requirement under 42 U.S.C. § 1981.

## COUNT I (TITLE VII)

Plaintiff incorporates the above paragraphs and further alleges:

28. Race discrimination, including in the failure to promote on the basis of race, violates Title VII of the Civil Rights Act, as amended.

29. Under this Count, Plaintiff is entitled to an award of wage loss (including back, present, and front pay, along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

30. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages under Title VII.

31. Plaintiff is also entitled to an award of attorney's fees and costs.

## COUNT II (§ 1981)

Plaintiff incorporates the above paragraphs and further alleges:

32. Race discrimination, including in the failure to promote on the basis of race, violates 42 U.S.C. § 1981.

33. Under this Count, Plaintiff is entitled to an award of wage loss (including back, present, and front pay, along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

34. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to an award of punitive damages

35. Plaintiff is also entitled to an award of attorney's fees and costs.

## COUNT III (OADA)

Plaintiff incorporates the above paragraphs and further alleges:

36. Race discrimination, including in the failure to promote on the basis of race, violates Oklahoma's Anti-Discrimination Act.

37. Under this Count, the Plaintiff is entitled to his wage and benefit loss, as well as an equal amount of liquidated damages.

38. Plaintiff is entitled to an award of attorney's fees and costs.

## PRAYER

**WHEREFORE,** Plaintiff requests this Court enter judgment in his favor and against the Defendant and grant him all compensatory damages suffered, together with all damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS** 27th **DAY OF SEPTEMBER 2021.**

HAMMONS, HURST & ASSOCIATES

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
Brandon D. Roberts OBA No. 34012
HAMMONS, HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: brandon@hammonslaw.com
*Counsel for Plaintiff*